
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNEL PAVON ROSANES, aka Arnel Pabon Rosanes, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72704 <br><br> Agency No. A039-822-570 <br><br> MEMORANDUM<sup>*</sup> |

No. 07-72704

Agency No. A039-822-570

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2011[**]
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

Arnel Pavon Rosanes ("Rosanes"), a native and citizen of the Philippines and

lawful permanent resident of the United States, petitions for review of a decision by

the Board of Immigration Appeals ("BIA"), affirming the immigration judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision that he was removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) (8 U.S.C. § 1227(a)(2)(A)(iii)), for having committed an aggravated felony in 1987. The BIA held that Rosanes was additionally removable pursuant to INA § 237(a)(2)(A)(ii) (8 U.S.C. § 227(a)(2)(A)(ii)) for having committed two crimes involving moral turpitude ("CIMT"), one being the failure to register as a sex offender under California law.

Several significant legal changes have occurred since the BIA issued its decision in this case. In *Ledezma-Galicia v. Holder*, 636 F.3d 1059 (9th Cir. 2010), we concluded that neither the Immigration Act of 1990 nor the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 impliedly repealed a prospective-only provision of the Anti-Drug Abuse Act of 1988,which made aliens deportable for aggravated felony convictions that took place on or after November 18, 1988. *Id.* at 1080. Because Rosanes's aggravated felony conviction occurred prior to November 18, 1988, the government concedes Rosanes is not removable based on his conviction of this offense alone.

Although the BIA also concluded that Rosanes's failure to register as a sex offender categorically constituted a CIMT, rendering him removable on alternate grounds, we recently addressed several legal developments pertaining to this issue in *Pannu v. Holder*, 639 F.3d 1225 (9th Cir. 2011), and remanded for the "BIA to

2

reconsider whether [petitioner's] crime constitutes a CIMT under the 'proper definition of moral turpitude.'" *Id.* at 1229 (quoting *Matter of Silva-Trevino*, 24 I. & N. Dec. 687, 705-06 (A.G. 2008)).  For the same reasons, we remand this case to the BIA for further proceedings in light of our opinion in *Pannu*.

**PETITION GRANTED IN PART and REMANDED IN PART** for further proceedings consistent with this disposition.